# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 CR 851 | **DATE** | September 18, 2002 |
| **CASE TITLE** | *United States of America v. Laurence Seward* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, this Court DENIES Defendant Seward's Motion for Downward Departure and OVERRULES Seward's objections to the August 8, 2002 Memorandum and Order.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | |
| ✓ | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | SEP 19 2002 date docketed |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | |
| RTS | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 79

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Hon. Blanche M. Manning |
| v. ) | |
| ) | 97 CR 851 |
| LAURENCE SEWARD ) | |

## MEMORANDUM AND ORDER

The present matter comes before this Court on a Motion for Downward Departure filed by Defendant Laurence Seward, who was convicted of bank fraud, in violation of 18 U.S.C. § 1344, wire fraud, in violation of 18 U.S.C. § 1343, mail fraud, in violation of 18 U.S.C. § 1341, and money laundering, in violation of 18 U.S.C. § 1957.[1]

On appeal, the Seventh Circuit affirmed the conviction but vacated the sentence on the grounds that this Court: (1) did not make sufficient factual findings to support an enhancement for obstruction of justice; and (2) incorrectly included $130,000 in attorneys' and executors' fees in calculating the amount of restitution and the amount of loss. United States v. Seward, 272 F.3d, 831 (7th Cir. 2001). On August 8, 2002, pursuant to the Seventh Circuit's instructions, this Court made specific factual findings regarding the enhancement for obstruction of justice and found that the Guideline range with the enhancement was between 51 to 63 months. The Court additionally recalculated restitution in the amount of $79,050. The Court, however, reserved imposing sentence until Seward filed his motion for downward departure. The Court will now discuss this motion.

Seward contends that this Court should depart downward under the United States

---

[1] Because the facts of this case have been thoroughly set forth by this Court and the Seventh Circuit, the Court will only address the facts as they relate to this case.

Sentencing Guidelines ("Guidelines" or "USSG") sections 5H1.1 and 5H1.4, due to his advanced age and poor physical health.[2]

Generally, the sentencing court must impose a sentence falling within the applicable range set forth in the Guidelines. See Koon v. United States, 518 U.S. 81, 85 (1996). The court may, however, depart from the Guideline sentence if it "finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). See also U.S.S.G. § 5K2.0; Koon, 518 U.S. at 92. Therefore, "[i]n the absence of a characteristic or circumstance that distinguishes a case as sufficiently atypical to warrant a sentence different from that called for under the guidelines, a sentence outside the guideline range is not authorized." U.S.S.G. § 5K2.0, Comment.

Examining departures from the Guidelines, the Supreme Court in Koon explained that the Sentencing Commission intended "the sentencing courts to treat each guideline as carving out a 'heartland', a set of typical cases embodying the conduct that each guideline describes." Koon, 518 U.S. at 93 (quoting U.S.S.G. ch. 1, pt. A, intro. cmt. 4(b)). The Sentencing Commission, however, "did not adequately take into account cases that are, for one reason or another, unusual." Id. Thus, "[w]hen a court finds an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the norm, the court may consider whether a departure is warranted." U.S.S.G. ch. 1, pt. A, intro. cmt. 4(b). Therefore, before a sentencing court is permitted to depart from the Guidelines, the court must find that

---

[2] Seward also contends that he is entitled to a downward departure because of his lack of a criminal record. This factor, however, is already considered by the Guidelines, and thus, not a proper ground for downward departure.

2

the case is "unusual" enough for it to fall outside the "heartland" of cases covered in the applicable Guideline. See Koon, 518 U.S. at 93.

The Court in Koon set forth the following factors that sentencing courts should use in determining whether to depart from the applicable Guidelines range is appropriate:

> 1) What features of this case, potentially, take it outside the Guidelines' "heartland" and make of it a special, or unusual, case?
> 2) Has the Commission forbidden departures based on those features?
> 3) If not, has the Commission encouraged departures based on those features?
> 4) If not, has the Commission discouraged departures based on those features?

Koon, 518 U.S. at 95. The Court went on to explain the mechanics of applying this framework:

> If the special factor is a forbidden factor, the sentencing court cannot use it as a basis for departure. If the special factor is an encouraged factor, the court is authorized to depart if the applicable Guideline does not already take it into account. If the special factor is a discouraged factor, or an encouraged factor already taken into account by the applicable Guideline, the court should depart only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present. If a factor is unmentioned in the Guidelines, the court must, after considering the structure and theory of both relevant individual guidelines and the Guidelines taken as a whole, decide whether it is sufficient to take the case out of the Guidelines heartland. The court must bear in mind the Commission's expectation that departures based on grounds not mentioned in the Guidelines will be highly infrequent.

Id. at 95-96 (citations and internal quotations omitted). The Guidelines seek to "aid the court by identifying some of the factors that the Commission has not been able to take into account fully in formulating the guidelines." U.S.S.G. § 5K2.0. These factors are listed in sections 5K2.1 to 5K2.17.

Here, Seward contends that this Court should depart downward under Guidelines sections 5H1.1 and 5H1.4. Section 5H1.4 states in relevant part that:

> [p]hysical condition or appearance, including physique, is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range.

3

However, an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range; e.g., in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment.

Similarly, section 5H1.1 states that:

[a]ge (including youth) is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. Age may be a reason to impose a sentence below the applicable guideline range when the defendant is elderly and infirm and where a form of punishment such as home confinement might be equally efficient as and less costly than incarceration. Physical condition, which may be related to age, is addressed at §5H1.4 (Physical Condition, Including Drug or Alcohol Dependence or Abuse).

To warrant a downward departure under sections 5H1.1 and 5H1.4, the defendant must establish that his condition is either "debilitating or extraordinary." United States v. Krilich, 257 F.3d 689, 693 (7th Cir. 2001). Federal prisons contain many persons who are in poor health, and generally provide adequate healthcare for sick prisoners. Id. Therefore, to show that the condition is extraordinary, the defendant must show, through "competent medical testimony," that he requires "constant care, or that the care he does need will not be available to him should he be incarcerated." Id. See also United States v. Crickon, 240 F.3d 652, 656 (7th Cir. 2001). A condition can also be deemed "extraordinary" if it is shown that it is "substantially more dangerous for prisoners than nonprisoners." Krilich, 257 F.3d at 693.

Here, Seward's submissions to this Court state that "he is of advanced age, and in poor health." He has completely failed to delineate exactly what physical ailments make his case "extraordinary," thus taking it out of the heartland. Instead, Steward simply submitted what appears to be his entire prison medical file to this Court. From this medical file, it appears that Seward is a 76 year old man who suffers from diabetes, high blood pressure, ulcers, and a shrunken prostrate. While this Court is sympathetic to Seward's medical problems, without

4

more, he has failed to demonstrate whatsoever that his case is "extraordinary" under the Guidelines.

Indeed, Seward has been incarcerated for the last 28 months, and it appears from his medical file that he is receiving adequate medical care by the Federal Bureau of Prisons ("the Bureau"). The Bureau provides adequate medical care to thousands of prisoners, many of whom suffer from very severe health problems. See Krilich, 257 F.3d at 693; United States v. Sherman, 53 F.3d 782, 788 (7th Cir. 1995). In United States v. Woody, 55 F.3d 1257, 1275 (7th Cir. 1995), the Seventh Circuit noted that AIDS, cancer, and other "terminal or life threatening conditions" are generally not "extraordinary" because the Bureau has the "medical personnel and facilities" to adequately treat prisoners with such conditions.

Accordingly, while this Court finds that Seward certainly is advanced in age (76 years old) and has numerous medical problems, the Court does not find that Seward has adequately shown that his age and medical condition are such as to make his case "extraordinary." Seward's Motion for a Downward Departure is therefore DENIED.

Additionally, although styled a Motion for Downward Departure, Seward makes objections to this Court's findings in its August 8, 2002 Memorandum and Order. As explained in the prior order, this Court finds that Seward gave false testimony that concerned a material matter in that it "went to the very heart of the case" against Seward. Consequently, for the reasons set forth in this Court's prior order, this Court OVERRULES Seward's objections to the August 8, 2002 Memorandum and Order.

## CONCLUSION

For the foregoing reasons, this Court DENIES Defendant Seward's Motion for Downward Departure and OVERRULES Seward's objections to the August 8, 2002 Memorandum and Order.

ENTER:

*Blanche M. Manning*
**BLANCHE M. MANNING**
**U.S. DISTRICT COURT JUDGE**

DATE: SEP 1 8 2002