# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 CR 851 | **DATE** | 10/22/2002 |
| **CASE TITLE** | | USA vs. Laurence Seward | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter order nunc pro tunc to 7/26/02. The guideline range as matters currently stand is 51 to 63 months. The court will impose sentence after it has considered Seward's promised motion for a downward departure. It is further ordered that Seward owes restitution in the amount of $79,050.00. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | OCT 23 2002 |
| | Notified counsel by telephone. | date docketed |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| | | date mailed notice |
| rs | courtroom deputy's initials | |
| | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Hon. Blanche M. Manning |
| v. | ) | |
| | ) | 97 CR 851 |
| LAURENCE SEWARD | ) | |

## MEMORANDUM AND ORDER

DOCKETED
OCT 2 3 2002

The present matter comes before this Court on remand from the Seventh Circuit for the resentencing of Defendant Laurence Seward. Seward was convicted of bank fraud, in violation of 18 U.S.C. § 1344, wire fraud, in violation of 18 U.S.C. § 1343, mail fraud, in violation of 18 U.S.C. § 1341, and money laundering, in violation of 18 U.S.C. § 1957.[1] This Court sentenced Seward to 53 months incarceration and ordered him to pay $209,050 in restitution.

On appeal, the Seventh Circuit affirmed the conviction but vacated the sentence on the grounds that this Court: (1) did not make sufficient factual findings to support an enhancement for obstruction of justice; and (2) incorrectly included $130,000 in attorneys' and executors' fees in calculating the amount of restitution and the amount of loss. United States v. Seward, 272 F.3d, 831 (7th Cir. 2001). Pursuant to the Seventh Circuit's instructions, the Court will discuss each of these issues in turn.

## I.  Obstruction of Justice

Section 3C1.1 of the United Stated Sentencing Guidelines ("the Guidelines") permits a two level upward departure for obstruction justice where the court finds that the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of

---

[1] Because the facts of this case have been thoroughly set forth by this Court and the Seventh Circuit, the Court will only address the facts as they relate to this case.

justice during the investigation, prosecution, or sentencing of the . . . offense." Pursuant to United States v. Dunniga, 507 U.S. 87, 94 (1993), the Seventh Circuit held that if this Court is to give an upward departure for obstruction of justice, it is required to make factual findings that Seward "gave false testimony concerning a material matter with the wilful intent to provide false testimony." Seward, 272 F.3d at 838. Accordingly, this Court will make factual findings as to each of these requirements.

The evidence at trial disclosed that Seward defrauded the estate of Wendell O'Neal, who was a boarder in Seward's home for a number of years until his death at the age of 83 in 1994. Immediately after O'Neal's death, Seward embarked on a scheme to steal from O'Neal's estate. Seward forged several checks from O'Neal's bank accounts and deposited the checks in his own account. He also forged documents in an attempt to convert some of O'Neal's accounts into joint accounts in his and O'Neal's names. Seward also opened up a joint account in their names and then impersonated O'Neal to have the proceeds from some of O'Neal's certificates of deposit transferred into this joint account. Furthermore, Seward forged O'Neal's signature on a cashier's check made out to O'Neal and deposited the check in the joint account.

Shortly after he began plundering O'Neal's estate, O'Neal's nephew informed Seward that O'Neal had a will and that the nephew was the executor of the will. Not deterred by the existence of the will, Seward, in an attempt to continue his scheme, produced a fraudulent competing will, which purported to leave the entire estate to himself. This consequently resulted in a legal battle in probate court in Chicago, Illinois, during which Seward filed numerous fraudulent documents and perjured himself in a deposition. The probate court found that the will produced by Seward was a fraud and ordered him to pay $130,000 in legal fees and $50,000 in

punitive damages to O'Neal's estate.

At trial in the instant case and at sentencing, Seward testified that he and O'Neal were long-time friends and business partners, and that O'Neal had agreed to leave him all of his assets. Incredibly, despite the overwhelming evidence, Seward denied fraudulently seizing O'Neal's assets, creating false bank accounts, and forging O'Neal's name on various financial and legal documents. After reviewing the evidence presented at trial and at Seward's sentencing, this Court finds that this testimony was false and concerned a material matter in that it "went to the very heart of the case" against Seward. United States v. Emerson, 128 F.3d 557, 563 (7th Cir. 1997). Moreover, after being confronted by overwhelming evidence to the contrary, Seward continued to give false testimony as demonstrated by his version of the offense. Thus, this Court also finds that Seward wilfully intended to provide false testimony.

## II. Restitution

At sentencing, this Court ordered Seward to pay $209,050 in restitution, which included $79,050 in actual losses and $130,000 in attorneys' and executors' fees. On appeal, the Seventh Circuit held that the $130,000 should not have been included in restitution because these fees were consequential or incidental damages. Seward, 272 F.3d at 839. Consequently, this Court orders Seward to pay $79,050 in restitution.

## III. Calculation of Loss

The Seventh Circuit also ordered this Court to calculate intended loss without "reference" to the attorneys' and executors' fees. In discussing "intended loss," the circuit court noted that this Court "actually calculated the intended loss from his scheme at an amount lower than the loss that Seward's scheme, if successful would have caused." 272 F.3d at 839-40. The court

3

noted that the scheme was made up of two "distinct phases: the fraudulent transfers and the attempt to force the [fraudulent] will through probate." Id. Therefore, the court noted that "[o]n remand, the government is free to argue that the appropriate amount of intended loss" from the second part of the scheme "was the full value of the estate."

Per the Seventh Circuit's direction, the Government, in its Memorandum for Resentencing, has provided documents showing that the value of the entire estate, including the $79,050 in actual loss, is $555,922.94. Thus, for purposes of calculating the value of loss, this Court will use this amount.

## IV. Seward's Response

In his Resentencing Memorandum, Seward fails to address any of the issues for which this case was remanded. Instead, Seward, without citing any authority whatsoever, contends that this Court should sentence him to time served based on his advanced age and poor health. Steward is granted leave to file a motion for downward departure. It also asked the Probation Department to prepare an updated presentencing investigation report.

## V. Guideline Calculation

| | | |
|---|---|---|
| Base Offense Level (2F1.1(a)) | 6 | |
| Adjustment for Value of Loss (2F1.1(b)(1)) | 10 | (loss between $500,000 and $800,000) |
| Increase for Minimal Planning (2F1.1(b)(2)(A)) | 2 | |
| Vulnerable Victim (3A1.1(b)(1)) | 2 | |
| Obstruction of Justice (3C1.1) | 2 | |
| Total Offense Level | 22 | |

Consequently, the Guideline range as matters currently stand is 51 to 63 months. The Court will impose sentence after it has considered Seward's promised motion for a downward departure.

5

## CONCLUSION

For the foregoing reasons, the Guideline range as matters currently stand is 51 to 63 months. The Court will impose sentence after it has considered Seward's promised motion for a downward departure. It is further ordered that Seward owes restitution in the amount of $79,050.

ENTER:

Blanche M. Manning
BLANCHE M. MANNING
U.S. DISTRICT COURT JUDGE

DATE: *nunc pro tunc* 7-26-02